# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAAC NARANJO, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 21-cv-72J |
| | ) District Judge Christy Criswell Weigand |
| v. | ) Magistrate Judge Maureen P. Kelly |
| M.M. IVICIC, D. J. CLOSE, J. BARROWS, | ) |
| M.J. PYO, and BARRY SMITH, | ) Re: ECF No. 50 |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Isaac Naranjo ("Plaintiff"), an inmate incarcerated at the State Correctional Institution at Houtzdale ("SCI-Houtzdale"), brings this *pro se* action arising out of allegations that he was placed in administrative custody in retaliation for filing a lawsuit and grievances, in violation of his First, Eighth and Fourteenth Amendment rights. ECF No. 28.

Presently before the Court is Plaintiff's "Motion to Remove Pages 3, 4 and 8," which the Court construes as a motion to amend his pleadings. ECF No. 50. In this Motion, Plaintiff asks that the Court substitute three handwritten pages included in his motion for pages 3, 4 and 8 of the operative Amended Complaint. He claims that he is requesting to do so in order to correct a missing word and to provide more "specific detail," such as adding the date he filed a prior lawsuit against individuals at his former place of incarceration. Id. ¶¶ 1, 2.

Federal Rule of Civil Procedure 15(a) governs when a party may amend his pleadings before trial, and it provides in relevant part:

> **(1) *Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
>
> **(A)** 21 days after serving it, or

> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2).

In this case, Defendants filed a pending Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) on November 1, 2021. ECF No. 35. Plaintiff did not file this request to amend until December 10, 2021, more than 21 days later. Therefore, Plaintiff cannot amend his pleading as a matter of course under Rule 15(a)(1).

As a result, Plaintiff must obtain leave of Court or Defendants' consent to file an amended pleading under Federal Rule of Civil Procedure 15(a)(2). Because there is no indication that Defendants have consented, the Court considers whether to grant Plaintiff leave to file an amended complaint.

Under Rule 15, the Court "should freely grant leave when justice so requires." Fed. R. Civ. P. 15(2). "[M]otions to amend pleadings should be liberally granted," and "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004); Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." Arthur, 434 F.3d at 204. Unless the opposing party will be prejudiced, however, leave to amend should generally be permitted. Charpentier v. Godsil, 937 F.2d 859, 864 (3d Cir. 1991).

Upon review, the Court finds that leave to amend should be denied. Plaintiff requests leave to make minor, largely cosmetic changes that are not necessary. For example, he wishes to incorporate the exact date he filed a prior lawsuit, Naranjo v. Walter, No. 1:20-cv-0918 (M.D. Pa.

2

2020). This specific date is not relevant to his claims, this information is publicly available, and the July 5, 2020 date he wishes to add is incorrect based on the Court's review of the docket for his prior lawsuit. See id., at ECF No. 1 (showing filing date of June 5, 2020); ECF No. 50 ¶ 13.[1] The Court also notes that under Federal Rule of Civil Procedure 8(a)(2), Plaintiff is only required to include a "short and plain statement of the claim . . . ." For these reasons, the Court finds that Plaintiff's proposed amendment is futile.

The Court also finds that the timing of this proposed amendment would be prejudicial to Defendants. Defendants have already submitted a pending, fully-briefed Motion to Dismiss based on the operative pleadings. Particularly considering that Plaintiff does not propose any material changes, it would be unfair to require Defendants to expend resources to address an amended pleading before the Court rules on the Motion to Dismiss.

Finally, Plaintiff's proposed amendment is improper, because he does not provide an amended complaint that is full and complete in itself. Instead, Plaintiff asks the Court to substitute certain pages and recreate an amended complaint for him. It is Plaintiff's responsibility to submit any pleading or motion in a complete form. Therefore, Plaintiff's Motion is denied.

An appropriate Order follows.

AND NOW, this *13th* day of December, 2021, it is hereby ORDERED that Plaintiff's Motion to Remove Pages 3, 4 and 8, ECF No. 50, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,

---

[1] While it is relevant that his prior lawsuit occurred before certain events in this action, this sequence of events is clearly alleged in his operative pleading.

Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Christy Criswell Weigand
United States District Judge

Isaac Naranjo
FJ 4369
SCI Houtzdale
Box 1000
Houtzdale, PA 16698

All counsel of record by Notice of Electronic Filing