IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAAC NARANJO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-cv-72J |
| | ) | District Judge Christy Criswell Wiegand |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| M.M. IVICIC, D. J. CLOSE, and M.J. PYO, | ) | Re: ECF Nos. 103, 105 and 109 |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Plaintiff Isaac Naranjo ("Plaintiff"), an inmate incarcerated at the State Correctional Institution at Houtzdale ("SCI-Houtzdale"), brings this *pro se* action arising out of allegations that he was placed in administrative custody in retaliation for filing a lawsuit and grievances in violation of his First Amendment rights. ECF Nos. 28 and 63.

Plaintiff has filed three discovery-related motions, to which Defendants have responded. ECF Nos. 103, 105, 109, 111, 112 and 113. The Court will address each motion separately.

**I.   Motion to Compel Discovery (ECF No. 103)**[1]

In this Motion to Compel Discovery ("Motion to Compel"), Plaintiff contests the sufficiency of Defendants' responses to two interrogatories submitted in Plaintiff's Second Set of Interrogatories Directed to Defendants Ivicic, Close and Pyo. The Court will address the two interrogatories and responses at issue.

**A.   Interrogatory No. 1**

**INTERROGATORY NO. 1:** Defendants Ivicic, Close and Pyo pursuant to Department policy DC-ADM 802 Section 1.B.1.k state it is fair to say that the plaintiff Naranjo is not in AC status because the facility have an operational need and/or because of lack of bed spaces in general population.

---

[1] This motion was originally filed at ECF No. 100. Because it was originally filed with missing pages, it was re-docketed as an errata at ECF No. 103.

> **ANSWER BY ALL DEFENDANTS: Yes, it is fair to say this; rather, per DC-141 Part 1 D504137 dated 4/2/2021, there is a safety concern with his placement in general population. Note that DC-ADM 802 Section 1.B.1.k states:**
>
>> the inmate has completed a Disciplinary Custody (DC) sanction but one or more of the above reasons exist, (or the facility has an operational need [e.g., appropriate bed space] to temporarily assign the inmate to AC status).

ECF No. 103-1 at 1.

As to Interrogatory No. 1, Plaintiff argues that Defendants have improperly cited to DC-141 Part 1 D504137, which is not relevant to the specific question asked of them. ECF No. 103 at 3. He requests that the Court compel Defendants only to answer the specific question that was asked. Id.

As Defendants point, however, they have fully answered this interrogatory. ECF No. 111. There is nothing further for the Court to compel. Accordingly, the Motion to Compel is denied relative to Interrogatory No. 1.

**B. Interrogatory No. 2**

> **INTERROGATORY NO. 2**: Defendants Ivicic, Close and Pyo pursuant to Department policy DC-ADM 802 Section 1.B.1.k state it is fair to say that the plaintiff Naranjo is not in AC status because he would pose an escape risk and/or because he requested self-confinement.
>
> **ANSWER BY ALL DEFENDANTS: See answer to Interrogatory 1, herein.**

ECF No. 103-1 at 1.

As to Interrogatory No. 2, Plaintiff argues that Defendants should be compelled to state whether he was in administrative custody status because he posed an escape risk and/or because he requested self-confinement. ECF No. 103 at 1-2.

In response, Defendants argue that they have directed Plaintiff to their response to Interrogatory No. 1, and they cannot determine what specific information Plaintiff is requesting

2

that has not already been provided. Defendants assert they have confirmed Plaintiff's statement and further clarified his status under the applicable section of DC-ADM 802. ECF No. 111 ¶¶ 6-7.

Upon review, the Court agrees that Defendants' response to Interrogatory No. 2 is not fully responsive. While Defendants refer to their assertion that Plaintiff's placement in general population posed a "safety risk," this does not specifically respond to the question that was asked. Defendants do not address the specific question of whether any perceived "safety risk" arose, in whole or in part, because Plaintiff posed an escape risk. As a result, the Court will grant the Motion to Compel with respect to Interrogatory No. 2.

**II.   Motion to Compel Discovery (ECF No. 105)**

In the second Motion to Compel, Plaintiff moves for an order compelling Defendants to respond to his Fourth and Fifth Requests for Production of Documents that he submitted on June 13, 2022. ECF No. 105; ECF No. 106-1.[2]

Based on Defendants' representation that responses have been mailed to Plaintiff, however, there is nothing for the Court to compel. See ECF No. 112. Accordingly, the Motion to Compel, ECF No. 105, is denied.

**III.  Motion Seeking an Order to Direct Defendant's Counsel to Comply with Court Order of 8/1/22 (ECF No. 109)**

Plaintiff's third pending discovery motion relates to the Court's Order issued on August 1, 2022 relative to a previous Motion to Compel that he filed. In particular, the Court ordered Defendants to provide supplemental discovery responses by August 15, 2022. ECF No. 92. Defendants confirmed that they did so. ECF No. 102.

---

[2] The Court notes that Plaintiff's Brief in Support of the Motion to Compel, ECF No. 106, appears to be an incomplete copy. However, Plaintiff clearly states in his underlying motion, ECF No. 105, that he is seeking to compel responses to the discovery requests noted above.

In the instant motion, Plaintiff claims he never received these supplemental discovery responses, and he moves for an order compelling Defendants to comply with the prior Order at ECF No. 92. ECF No. 109. Defendants have responded to confirm again that they did, in fact, mail the supplemental responses to Plaintiff, and they have filed a copy of the relevant responses for the Court's reference. ECF No. 113.

Upon review, this Motion is denied. Defendants have complied with the Court's August 1, 2022 Order by providing supplemental responses. There is nothing further to direct or compel.

An appropriate Order follows.

AND NOW, this 30th day of August, 2022, it is hereby ORDERED that the Motion to Compel Discovery, ECF No. 103, is GRANTED IN PART and DENIED IN PART. Defendants are required to provide a supplemental response to Interrogatory No. 2 by **September 9, 2022**. All other requested relief is denied.

The Motion to Compel Discovery, ECF No. 105, and the Motion Seeking an Order to Direct Defendant's Counsel to Comply with Court Order of 8/1/22, ECF No. 109, are DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Christy Criswell Wiegand
United States District Judge

Isaac Naranjo
FJ 4369
SCI Houtzdale
Box 1000
Houtzdale, PA 16698

All counsel of record by Notice of Electronic Filing