IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAAC NARANJO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 21-cv-72J |
| ) | District Judge Christy Criswell Wiegand |
| v. ) | Magistrate Judge Maureen P. Kelly |
| M.M. IVICIC, D. J. CLOSE, and M.J. PYO, ) | |
| ) | Re: ECF No. 131 |
| Defendants. ) | |
| ) | |

## MEMORANDUM ORDER

Plaintiff Isaac Naranjo ("Plaintiff"), an inmate incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), brings this *pro se* action arising out of allegations that he was placed in administrative custody in retaliation for filing a lawsuit and grievances in violation of his First Amendment rights. ECF Nos. 28 and 63.

Presently before the Court is Plaintiff's Motion for Sanctions. ECF No. 131. For the reasons that follow, this Motion is denied.

**I.     MOTION FOR SANCTIONS**

In his Motion for Sanctions, Plaintiff asserts that Defendants did not respond to his First and Second Requests for Admission, which he mailed on June 13, 2022. Id. ¶ 2. He claims that he raised Defendants' failure to respond in a prior Motion to Compel Discovery, ECF No. 105, and that Defendants incorrectly represented those responses would be provided. ECF No. 131 ¶¶ 3-4.

Based on Defendants' failure to respond, Plaintiff requests the Court to impose sanctions, including default judgment in his favor. Id. ¶ 7. In the alternative, he requests that Defendants be compelled to respond to his First and Second Requests for Admission and/or that these requests

1

be deemed admitted. Id.

## II. DEFENDANTS' RESPONSE IN OPPOSITION

In response, Defendants acknowledge they failed to timely respond to Plaintiff's First and Second Requests for Admission and submit they have since mailed responses on September 28, 2022. ECF No. 139 ¶¶ 11-13; ECF No. 139-2. Defendants argue that Plaintiff has submitted numerous, often repetitive, discovery requests and ten discovery-related motions that they diligently have attempted to respond to, but they inadvertently overlooked these particular requests. ECF No. 139 ¶¶ 1-2, 7, 11. Defendants also note they attempted to meet and confer with Plaintiff regarding the status of any outstanding discovery requests; however, he did not notify them of these missing responses before moving for sanctions. Id. ¶¶ 4-6.

Based on this, Defendants argue that sanctions are not appropriate because they have worked diligently to respond to Plaintiff's discovery requests, there is no evidence of bad faith, and Plaintiff has since received the responses. Id. ¶ 16. Defendants also argue that it would be improper to deem Plaintiff's requests admitted, given that Defendants "admitted" to over half of Plaintiff's requests, and that Defendants already provided much of the information related to these requests in response to other discovery requests. Id. ¶ 17. Finally, Defendants argue that Plaintiff cannot show prejudice as a result of the delay because he received all relevant information to his claims and has already filed his Pretrial Statement. Id. ¶ 18.

## III. DISCUSSION

As discussed, Plaintiff requests that the Court grant the following relief: (1) sanctions, including default judgment, or (2) that his requests be deemed admitted or for the Court to compel responses. For the reasons below, these requests are denied.

### A. Request for Sanctions

Upon review, sanctions are not warranted based on Defendants' untimely responses to Plaintiff's requests for admission. Under Federal Rule of Civil Procedure 37(b)(2), the Court may impose sanctions, including entry of default judgment, for failure to obey a discovery order. As the United States Court of Appeals for the Third Circuit has stressed, "defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and are appropriate for cases involving "flagrant bad faith" or "callous disregard." Harris v. City of Phila., 47 F.3d 1311, 1330 n. 18 (3d Cir. 1995) (citing National Hockey League v. Metro. Hockey League, 427 U.S. 639, 643 (3d Cir. 1976)).

Here, Plaintiff does not point to any discovery order that Defendants violated. While he argues that he previously filed a Motion to Compel Discovery, ECF No. 105, he did not specifically move to compel responses to his First and Second Requests for Admission in that motion, and the Court did not issue an Order relative to these requests.[1] Given that Defendants have not exhibited bad faith, the Court also finds that the "drastic" sanction of default judgment would be improper in any event. Therefore, Plaintiff's request for sanctions is denied.

### B. Request for Alternative Relief

As for Plaintiff's requested alternative relief, there is no dispute that Defendants failed to submit timely responses to Plaintiff's First and Second Requests for Admission under Federal Rule of Civil Procedure 36. However, "the Court can, at its discretion, permit what would otherwise be

---

[1] While Plaintiff attached a letter containing his First and Second Requests for Admission as an exhibit, he only specifically moved to compel responses to requests for the production of documents that he submitted on June 13, 2022. ECF No. 105. Plaintiff's other Motions to Compel Discovery, ECF Nos. 73, 75, 77, 78, 82 and 103 related to various requests for the production of documents and interrogatories. Plaintiff's Motion to Compel Discovery at ECF No. 120 related to a different set of requests for admission that he mailed on July 22, 2022.

an untimely answer to a request for admissions." Flohr v. Pa. Power & Light Co., 821 F. Supp. 301, 306 (E.D. Pa. 1993); see also BML Grp., Inv. v. U.S. Pizza, Inc., No. 88-7463, 1992 WL 10136, at *1 (E.D. Pa. May 5, 1992) ("Although the language of Rule 36(a) seems to dictate a harsher result, courts have recognized that the court may accept untimely answers."). Allowing untimely answers is appropriate "when doing so would aid in the presentation of the merits of the action and would not prejudice the party who made the requests." Flohr, 821 F. Supp at 306.

Upon review, the Court finds that it should exercise its discretion to allow Defendants' untimely answers. The delay, although not excusable, was not excessive and promptly corrected upon Defendants receiving notice of their failure to respond. Plaintiff also will not suffer prejudice if untimely answers are permitted. There is no evidence that Plaintiff relied on Defendants' admissions to his detriment—particularly considering he has issued discovery requests on many of the same topics previously. Finally, the Court finds that it would aid in the presentation of the merits of this action to allow Defendants to deny requests as appropriate.

Therefore, the Court will allow Defendants' untimely responses and deny Plaintiff's request to deem those requests admitted. As for Plaintiff's request to compel responses, this request is denied as moot because Defendants have since provided responses.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions is denied. An appropriate Order follows.

AND NOW, this 12th day of October, 2022, it is hereby ORDERED that Plaintiff's Motion for Sanctions, ECF No. 131, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to

file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Christy Criswell Wiegand
United States District Judge

Isaac Naranjo
FJ 4369
SCI Houtzdale
Box 1000
Houtzdale, PA 16698

All counsel of record by Notice of Electronic Filing

5