IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAAC NARANJO,  )<br>  )<br>　　Plaintiff,  )<br>  )<br>　　v.  )<br>M.M. IVICIC, D. J. CLOSE, and M.J. PYO,  )<br>  )<br>　　Defendants.  )<br>  ) | Civil Action No. 21-cv-72J<br>District Judge Christy Criswell Wiegand<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF Nos. 137 and 149 |

## MEMORANDUM ORDER

Plaintiff Isaac Naranjo ("Plaintiff"), an inmate incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), brings this *pro se* action arising out of allegations that he was placed in administrative custody in retaliation for filing a lawsuit and grievances in violation of his First Amendment rights. ECF Nos. 28 and 63.

Presently before the Court are two motions filed by Plaintiff, in which he requests to receive supplemental briefing materials the Court directed Defendants to provide in further response to Plaintiff's Motion for Temporary Restraining Order ("Motion for TRO"), ECF No. 88. ECF Nos. 137 and 149. For the reasons below, these motions are denied.

In his Motion for TRO, Plaintiff sought injunctive relief to prevent his transfer to a different prison facility, which he claimed was planned in retaliation for exercising his First Amendment rights. ECF No. 88. Defendants filed a response in opposition to the Motion for TRO. ECF No. 97.

The Court subsequently directed Defendants to provide certain supplemental materials to facilitate its review, including information about (1) whether Plaintiff was being transferred to another facility; (2) if so, when it was scheduled to occur; and (3) the reason for that transfer,

1

together with appropriate evidentiary support. ECF No. 118.

Defendants submitted their supplemental response on September 15, 2022, indicating that Plaintiff was transferred to the State Correctional Institution at Phoenix ("SCI-Phoenix") on August 30, 2022.[1] ECF No. 125 ¶ 1. Defendants also stated that the reason for Plaintiff's transfer was due to a separation from a staff member at the State Correctional Institution at Houtzdale ("SCI-Houtzdale"), where Plaintiff was incarcerated at the time. Id. ¶ 2.

As directed, Defendants produced evidentiary materials for the Court's review related to the reason for transfer. Because those documents contained confidential material with security implications if disclosed publicly and to Plaintiff, however, those documents and Defendants' supplemental brief referring to those materials (the "Supplemental Documents") were provided to the Court for *in camera* review and filed under seal on the docket. ECF No. 147.

The undersigned subsequently issued a pending Report and Recommendation, ECF No. 148, in which it recommended that the Motion for TRO be denied because the allegations Plaintiff raises in his Motion for TRO are premised on claims of misconduct that are not the subject of this pending litigation. Id. at 5-6. Further, Plaintiff cannot use a motion for injunctive relief in an attempt to make the Court the overseer of the day-to-day management of the prison system, including housing decisions made for the safety of inmates and staff. Id. at 6.

In the instant motions, Plaintiff requests to receive copies of the Supplemental Documents that Defendants provided to the Court for *in camera* review. ECF Nos. 137 and 149. Upon review, the Court notes these materials contain information regarding prison officials' evaluation of internal security issues, which implicate potential security concerns if disclosed. At the same time, the materials are not relevant to Plaintiff's claims in this action, or to the reasoning in the Report

---

[1] Plaintiff has since been transferred to the SCI-Greene.

2

and Recommendation relative to Plaintiff's Motion for TRO. Plaintiff also has been informed of the stated reason for his transfer. Given this, the Court finds that the potential security concerns outweigh the evidentiary value of production, and Plaintiff will not be prejudiced if he is not permitted to review the Supplemental Documents. See, e.g., Preacher v. Correct Care Servs., No. 19-1207, 2020 WL 7027837, at *4 (W.D. Pa. Nov. 30, 2020) (balancing the "asserted security concerns against the relevance of the documents to [p]laintiff's claims" in considering whether materials should be disclosed to inmate-plaintiff) (citations omitted).

For these reasons, the Court finds that that disclosure of the Supplemental Materials to Plaintiff is not warranted. Accordingly, the Motions are denied. An appropriate Order follows.

AND NOW, this 10th day of November, 2022, it is hereby ORDERED that Plaintiff's Motion for an Order Directing the Clerk of the Court and Defendants' Counsel to Send Plaintiff Copies of Unreceived Documents, ECF No. 137, and Motion for an Order Directing the Defendants' Counsel to Send Plaintiff a Copy of a Supplemental Brief, ECF No. 149, are DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Christy Criswell Wiegand
        United States District Judge

        Isaac Naranjo
        FJ 4369
        SCI-Greene
        169 Progress Drive
        Waynesburg, PA 15370

        All counsel of record by Notice of Electronic Filing